UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X
:
MORRIS GRADY,                                           :
:
                                         Petitioner,   :
:
              v.                                        :
:
SUP. JAMES CONWAY,                                      :
:
                                       Respondent. :
:
------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 24, 2015

11 Civ. 7277 (KPF) (FM)

**OPINION AND ORDER
ADOPTING REPORT AND
<u>RECOMMENDATION</u>**

KATHERINE POLK FAILLA, District Judge:

       On May 11, 2015, Chief United States Magistrate Judge Frank Maas issued a Report and Recommendation (the "Report") recommending that Petitioner Morris Grady's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied, and that no certificate of appealability should issue. (Dkt. #23). Neither party has filed any objections to the Report. For the reasons set forth below, the Court finds no error in the Report and adopts the Report in its entirety.

## BACKGROUND

       The facts and procedural history of the instant action are set forth in detail in the Report. (*See* Report 2-11). In brief, Petitioner was arrested in April 2006 as a result of two separate attempted robberies: the first at a parking garage on March 18, 2006, and the second at a laundromat on April 4, 2006. In the first of these incidents, Petitioner attempted to shoot a garage employee, but the gun misfired and the victim suffered a less-severe head

wound; in the second of these incidents, Petitioner shot a laundromat employee in the arm, causing serious damage. (*See id.* at 2-4 and n.3, 27).

On April 18, 2006, Petitioner was charged in Indictment Number 1939/06 with (i) attempted second-degree murder, three counts of first-degree robbery, two counts of attempted first-degree robbery, and one count each of second-degree criminal possession of a weapon, second-degree assault, second-degree robbery, and attempted second-degree robbery, all in connection with the March 18, 2006 garage robbery; and (ii) attempted second-degree murder, two counts of first-degree assault, one count of first-degree robbery, two counts of attempted first-degree robbery, and one count of third-degree criminal possession of a weapon, all in connection with the April 4, 2006 laundromat robbery. (Report 1). He proceeded to trial, and was convicted on March 8, 2007, of one count of attempted murder in the second degree, one count of assault in the second degree, two counts of robbery in the first degree, and one count of attempted robbery in the first degree with respect to the garage robbery; and one count of attempted murder in the first degree, one count of assault in the first degree, one count of attempted robbery in the first degree, and one count of robbery in the first degree with respect to the laundromat robbery. (*Id.* at 8). Ultimately, Grady was sentenced to an aggregate term of 40 years' imprisonment. (*Id.* at 8-9).

Petition thereafter appealed to the Appellate Division, First Department. Among other things, he claimed that (i) the trial court's denial of his motion for severance denied him a fair trial, (ii) his convictions were against the weight of

the evidence, (iii) the trial court's denial of his motion for a mistrial denied him a fair trial, (iv) certain of the prosecutor's comments during summation denied him a fair trial, and (v) his prison sentence was excessive. (Report 9). His arguments were rejected, and his conviction affirmed, in a unanimous decision issued on November 19, 2009. *People* v. *Grady*, 891 N.Y.S.2d 15 (1st Dep't 2009). Six months later, on May 10, 2010, the New York Court of Appeals denied Petitioner's request for leave to appeal to that court. *People* v. *Grady*, 14 N.Y.3d 888 (2010).

Petitioner filed his habeas petition in this Court on October 13, 2011. (Dkt. #1). In response to Court concerns regarding the timeliness of his petition, Petitioner filed an amended petition (the "Petition") on January 11, 2012 (Dkt. #4). Petitioner's petitions incorporated by reference his claims to the Appellate Division. (*See* Dkt. #1, 4). On May 11, 2015, Judge Maas issued his 31-page Report, addressing the procedural and substantive issues associated with Petitioner's claims. (Dkt. #23).

Judge Maas began by addressing Respondent's argument that certain of Petitioner's claims were procedurally barred because the trial court had decided certain matters based on Petitioner's failure to abide by a state procedural rule. (Report 12-18). Judge Maas concluded that Petitioner's severance and prosecutorial misconduct claims were indeed barred, and that he was not required to decide the issue with respect to Petitioner's mistrial claim because a habeas court could deny even an unexhausted claim on the merits. (*Id.* at 17). He then proceeded to the merits of Petitioner's claims,

finding that (i) Petitioner had not shown actual prejudice stemming from the trial court's denial of his severance motion; (ii) the trial court had not erred in denying his motion for a mistrial, in light of the cumulative evidence and the limiting instruction given to the jury; (iii) Petitioner had not demonstrated prosecutorial misconduct that deprived him of a fair trial; (iv) New York State's "weight of the evidence" challenges were not available to Petitioner on habeas review, and, in any event, the evidence was sufficient to sustain the verdict; and (v) there was no basis in federal habeas review to challenge Petitioner's sentence. (*Id.* at 18-29).

Citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), Judge Maas advised the parties that they had 14 days from the issuance of the Report to file written objections and, further, that "the failure to file timely objections will result in a waiver of those objections for purposes of appeal." (Report 30 (citation omitted)). Neither party has filed an objection.

## DISCUSSION

When a district court assesses the report and recommendation of a magistrate judge, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews *de novo* any portions of a magistrate judge's report and recommendation to which a party submits a timely objection. *Id.* "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *King* v. *Greiner,* No. 02 Civ. 5810 (DLC), 2009 WL 2001439,

at *4 (S.D.N.Y. July 8, 2009) (internal quotation marks and citation omitted), *aff'd*, 453 F. App'x 88 (2d Cir. 2011) (summary order); *see also Brown* v. *Time Warner Cable, Inc.*, No. 10 Civ. 8469 (AJN) (RLE), 2012 WL 5878751, at *1 (S.D.N.Y. Nov. 21, 2012); *Gomez* v. *Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review. *See Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *United States* v. *Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object."); *see also Thomas* v. *Arn*, 474 U.S. 140, 155 (1985) (holding that Courts of Appeals may adopt rules regarding waivers). This rule applies to both *pro se* and counseled litigants. *See Caidor* v. *Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (concluding that a *pro se* plaintiff waives the right to appellate review by not timely objecting to a report and recommendation, provided the Magistrate Judge warned plaintiff and cited the appropriate provisions of the Federal Rules of Civil Procedure and Title 28 of the United States Code).

Here, Judge Maas explicitly informed the parties that they had 14 days after being served with a copy of the Report to file any objections, and further warned them that failure to file a timely objection would result in a waiver of

the right to do so, and a waiver of the right to object on appeal. (Report 30). Having received clear notice of the consequences of remaining silent, and having filed no objections, the parties have waived their respective rights to object to the Report and to obtain appellate review of the Report.

Despite the waivers, the Court has reviewed the Report, unguided by objections, and finds it to be well-reasoned and grounded in fact and law. There is no error in Judge Maas's careful analysis. For all of these reasons, the Report is adopted in its entirety.

## CONCLUSION

Petitioner's petition for a writ of habeas corpus is DENIED. Further, since Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: August 24, 2015
    New York, New York

                 _____
                 KATHERINE POLK FAILLA
                 United States District Judge

*Sent by First Class Mail to:*

Morris Grady
DIN #07-A-2493
Clinton Correctional Facility
1156 Rt. 374
P.O. Box 2001
Dannemora, New York 12929